IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. PITTS, Jr., M-13166, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 18−cv–01781−SMY |
| JACQUELINE LASHBROOK, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. SIDDIQUI, | ) |
| DR. CALDWELL, | ) |
| and NURSE REEVA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff John Pitts, Jr. brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center ("Menard"). (Doc. 1). Specifically, Plaintiff claims that he has been denied adequate medical care for rectal pain and hemorrhoids at Menard. (Doc. 1, pp. 6-9). He seeks monetary damages and "immediate" injunctive relief against the defendants. (Doc. 1, p. 11).

This case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: During his incarceration at Menard in January 2018, Plaintiff began suffering from rectal pain and a bloody stool. (Doc. 1, pp. 6-9; Doc. 1-1, p. 1). He was treated for hemorrhoids. *Id*. A nurse[1] provided him with stool softeners, fiber supplements, and hemorrhoid cream in January and February 2018. (Doc. 1, p. 6). When his pain persisted into March 2018, Plaintiff was referred to a prison physician, Doctor Caldwell, who explained that the hemorrhoids should have healed. *Id*. In early April 2018, Doctor Siddiqui gave Plaintiff hydrocortisone cream, but said that nothing more could be done. *Id*. Plaintiff underwent a blood test, a rectal exam, and abdominal x-rays that were all normal. (Doc. 1, pp. 6-7). His condition was deemed "stable," and no further tests were ordered. *Id*.

Even so, Plaintiff's rectal pain continued. (Doc. 1, pp. 6-9). In June and July 2018, he reported a family history of cancer and requested screening for colorectal cancer. *Id*. Doctor Siddiqui told Plaintiff that Wexford routinely denied such requests, but agreed to seek authorization anyway. (*Id*.; Doc. 1-1, p. 43).[2]

In July and August 2018, Plaintiff submitted approximately 10 requests for treatment of rectal pain. (Doc. 1, p. 8). Nurse Reeva would not treat him because Plaintiff refused to pay the $5.00 copayment for medical services. (Doc. 1-1, pp. 14, 17). Warden Lashbrook denied Plaintiff's related grievances, which detailed a history of ineffective treatment by Menard's medical staff. (Doc. 1, p. 6; Doc. 1-1, pp. 37, 39, 48-49). Plaintiff filed this lawsuit to obtain

---

[1] Plaintiff does not identify this nurse in the Complaint.
[2] Plaintiff does not indicate whether Wexford ever responded to this request.

2

monetary damages and injunctive relief, including an immediate referral to a specialist, cancer screening, and a prison transfer.[3] (Doc. 1, pp. 7, 11).

## Discussion

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to designate and organize the claims in Plaintiff's *pro se* Complaint, as follows:

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Defendants for denying Plaintiff adequate medical treatment for his rectal pain and hemorrhoids at Menard.

**Any claim not identified above but encompassed by the allegations shall be considered dismissed without prejudice for failure to satisfy the *Twombly* pleading standard.**

To state an Eighth Amendment claim based on the denial of medical care, a plaintiff must show that (1) he suffered from a sufficiently serious medical condition (an objective standard), and (2) state officials responded to it with deliberate indifference (a subjective standard). *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000). The medical conditions described in Plaintiff's Complaint – hemorrhoids, rectal bleeding, and pain – are sufficiently serious in combination to support a claim at screening. *See, e.g., Wheeler*, 689 F.3d 680 (refusal to effectively treat painful golf ball-size hemorrhoids stated Eighth Amendment claim). The allegations also suggest that Doctor Caldwell, Doctor Siddiqui, and Nurse Reeva exhibited deliberate indifference to Plaintiff's serious medical needs when they persisted in a course of treatment that they knew was ineffective or refused to treat Plaintiff altogether. Warden Lashbrook's blanket denial of Plaintiff's grievances detailing a pattern of alleged ineffective treatment and persistent pain also supports a claim. (Doc. 1-1, pp. 37, 39, 48-

---

[3] He specifically seeks a transfer to a single person cell at Stateville Correctional Center, in order to avoid retaliation by Menard officials for filing this suit. *Id*. Plaintiff complains of no retaliation to date.

49).  Therefore, Count 1 survives screening against Doctor Caldwell, Doctor Siddiqui, Nurse Reeva, and Warden Lashbrook.

However, Plaintiff's claim will be dismissed against Wexford, the private medical corporation that provides medical staff and health services at Menard.  That is because there is no *respondeat superior* liability under § 1983.  *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 795-96 (7th Cir. 2014).  Rather, in order to recover against Wexford, Plaintiff must establish that his injury was caused by a policy, custom, or practice of deliberate indifference by Wexford.  *Id*. at 796 (citation omitted).  The only relevant reference in the Complaint is Wexford's alleged policy of denying requests for cancer screening.  However, Plaintiff does not allege that Wexford actually denied his screening request or that this denial caused a deprivation of his constitutional rights.  Accordingly, Count 1 will be dismissed without prejudice against this defendant.

## **Interim Relief**

Plaintiff includes a request for "immediate" relief in his Complaint. (Doc. 1, p. 11).  He seeks a referral to a hemorrhoid specialist, screening for colorectal cancer, and a prison transfer (*Id*.), but does not explicitly request a temporary restraining order ("TRO") or a preliminary injunction. (Docs. 1, 1-1).  Plaintiff also does not mention Rule 65(a) or (b) of the Federal Rules of Civil Procedure, which governs both.  *Id*.  Moreover, Plaintiff has not demonstrated that he is entitled to immediate relief or that he will suffer irreparable harm without it.

Plaintiff does not describe his current symptoms or any relief he has requested and been denied since early August 2018.  (Docs. 1, 1-1).  Plaintiff also requests a prison transfer because he anticipates retaliation by Menard's staff for filing this action, but he points to no retaliatory action taken against him to date.  Without this information and detail, the Court cannot determine

whether a TRO or preliminary injunction is being requested or is warranted. Plaintiff's request for "immediate" relief is therefore denied.

If Plaintiff is in fact seeking interim relief under Rule 65(a) or (b), he must file a *separate* Motion for TRO and/or Preliminary Injunction, along with an affidavit that sets forth the exact relief he seeks, the reasons it is necessary, and the facts that support his request. He may file the motion at any time during the pendency of this action.

## Pending Motions

**1.      Motion for Leave to Proceed *in forma pauperis* (Doc. 2)**

Plaintiff's IFP Motion will be addressed in a separate order.

**2.      Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's Motion for Recruitment of Counsel is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). A district court faced with a request for counsel must ask two questions: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has not made reasonable attempts to find counsel on his own. He allegedly wrote to two law firms. Of these, one has not yet responded, and the other requested additional information. Plaintiff is still waiting to hear back from both. Further, he appears capable of litigating this matter *pro se*. Plaintiff has "some college" education and cites no impediments to self-representation other than limited opportunities to visit the law library. He demonstrates an ability to prepare and file coherent pleadings in this straightforward case involving a single claim

against Menard officials. Although the motion is being denied at this time, Plaintiff may renew his request for counsel if it becomes necessary after attempting to locate counsel on his own.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and is subject to further review against the following individuals: Defendant **DOCTOR SIDDIQUI, DOCTOR CALDWELL, NURSE REEVA,** and **JACQUELINE LASHBROOK**. However, **COUNT 1** is **DISMISSED** without prejudice against Defendant **WEXFORD HEALTH SOURCES, INC.** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **JACQUELINE LASHBROOK** shall remain named as a defendant in her official capacity, as well as her individual capacity, based on Plaintiff's request for injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311 (7th Cir. 2011).

As to **COUNT 1**, the Clerk of Court will prepare for Defendants **DOCTOR CALDWELL, DOCTOR SIDDIQUI, NURSE REEVA,** and **JACQUELINE LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings. Further, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to a referral,* this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition,

Plaintiff is **ADVISED** that if judgment is rendered against him, and the judgment includes the payment of costs under § 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 4, 2018**

                                              s/STACI M. YANDLE
                                             **STACI M. YANDLE**
                                             **United States District Judge**