# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN R. PITTS, Jr., M-13166,    )
    )
        Plaintiff,    )
    )
vs.    )
    )    **Case No. 18-cv-01781-SMY-RJD**
JACQUELINE LASHBROOK,    )
WEXFORD HEALTH SOURCES, INC.,    )
MOHAMMED SIDDIQUI,    )
DR. CALDWELL,    )
and NURSE REEVA,    )
    )
        Defendants.    )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of Plaintiff John Pitts, Jr.'s request to reinstate a *Monell* claim against Wexford Health Sources, Inc. (Docs. 15 and 26). This action involves a single Eighth Amendment claim of deliberate indifference to Plaintiff's rectal pain and hemorrhoids at Menard Correctional Center ("Count 1"). Plaintiff filed a Complaint on October 2, 2018. (Doc. 1). The Court entered a Screening Order on October 5, 2018, allowing Count 1 to proceed against all of the named defendants, except Wexford. (Doc. 6).

Plaintiff's claim against Wexford, a private medical corporation, hinged largely on a theory of *respondeat superior* liability, which is not recognized under 42 U.S.C. § 1983. *Gaston v. Ghosh, et al.*, -- F.3d --, 2019 WL 1467118 (7th Cir. Apr. 3, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691–94 (1978)). Plaintiff also relied on what, at first pass, appeared to be a conclusory assertion regarding Wexford's policy of denying requests for cancer screening and delaying referrals to specialists. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679) (the court "need

1

not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"). Plaintiff did not allege that Wexford actually denied his request for screening or treatment prior to suit; he asserted that Doctor Siddiqui agreed to request cancer screening on his behalf but expected Wexford to deny the request. (Doc. 1, p. 7). Plaintiff's claim against Wexford was thus dismissed without prejudice as being speculative and anticipatory in nature. (Doc. 6, pp. 4, 6).

Plaintiff filed a "Memorandum of Law in Support of *Monell* Claim" on October 22, 2018 (Doc. 15) and a *Monell* Claim Motion on December 13, 2018 (Doc. 26). In both, Plaintiff challenges the dismissal of Count 1 against Wexford, claiming that Wexford did in fact deny his request for cancer screening (*i.e.*, a colonoscopy) in June 2018. (Doc. 15, p. 4). Plaintiff also asserts that Wexford subsequently denied his request for a gastrointestinal evaluation in November 2018, a month after he filed suit. (Doc. 26, p. 4). He provided a copy of the written denial. (*Id.* at p. 7). Defendants oppose Plaintiff's motions to reinstate Count 1 against Wexford in form and substance. (Docs. 28 and 29).

## Discussion

The form of both filings leaves much to be desired – their titles alone are confusing. But *pro se* filings are construed liberally. *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018) (citing *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008)). And, in substance, Docs. 15 and 26 clearly seek relief from the non-final Screening Order entered on October 5, 2018. Thus, the Court has authority to consider both under Rule 54(b) of the Federal Rules of Civil Procedure, which authorizes the Court to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time

before the entry of . . . judgment." *See* FED. R. CIV. P. 54(b); *Terry*, 888 F.3d at 893 (citations omitted).

Upon review of this matter, the Court concludes that it erred when dismissing Count 1 against Wexford. While there are no allegations in the statement of claim that indicate Wexford actually denied Plaintiff's request for cancer screening or a referral before he filed suit (Doc. 1, pp. 1-23), the exhibits do include a single record of this decision. (*See* Doc. 1-1, p. 37). According to this exhibit, Wexford denied Plaintiff's request for a colonoscopy in June 2018. (*Id*.). As such, Plaintiff's claim against Wexford is not speculative or anticipatory. Further, the exhibit and allegations together suggest that a Wexford policy or practice (*e.g.*, its failure to train staff, its routine denial of cancer screening requests, and/or its habitual delay of referrals to specialists) may have caused the constitutional deprivation at issue. Therefore, Count 1 will be reinstated against Wexford.

Plaintiff also includes a new request for preliminary injunctive relief in both motions.[1] (Doc. 15, pp. 4-5; Doc. 26, pp. 5-7). Specifically, he seeks a referral to a specialist for treatment of rectal pain and hemorrhoids, based on additional information included with his motions (*See, e.g.,* Doc. 26, p. 7) (November 2018 denial of Plaintiff's request for a gastrointestinal evaluation). In the Screening Order, Plaintiff was instructed to file a *separate* Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Rule 65(a) or (b) of the Federal Rules

---

[1] Although he included a request for "immediate" relief in the Complaint, that request was quite different from Plaintiff's request for preliminary injunctive relief in his *Monell* motions. The Court construes both requests as *new* motions for preliminary injunctive relief. In the Complaint, Plaintiff sought an immediate prison transfer to Stateville, placement in a single cell, and an order prohibiting his transfer from that facility. (Doc. 1, p. 11) He also requested a *post-transfer* referral to an outside "hemorrhoid (rectal) specialist." (*Id*.). The reason for the request was his "fear that there will be threats and intimidation or retaliation from Warden Lashbrook and her staff." (*Id*.). The Court considered and denied these requests at screening, and Plaintiff has not asked the Court to revisit its initial decision. (Doc. 6, pp. 4-5). He instead offers new reasons interim relief may be necessary.

of Civil Procedure, if he was seeking interim relief. (Doc. 6, pp. 4-5). His failure to do so, however, does not warrant denial of his request for relief at this time. Instead, the Clerk of Court will be directed to separately docket this request as a Motion for Preliminary Injunction. If Plaintiff wishes to pursue the Motion, he must file a "Brief in Support of Motion for Preliminary Injunction" within thirty (30) days.[2] He should identify the exact relief he seeks, the reasons for his request, and the facts that support it in the Brief. Failure to do so will result in dismissal of the motion.

## Disposition

**IT IS ORDERED** that Plaintiff's request for reinstatement of **COUNT 1** against Defendant **WEXFORD HEALTH SOURCES, INC.** in the Memorandum of Law in Support of *Monell* Claim (Doc. 15) and *Monell* Claim Motion (Doc. 26) is **GRANTED** pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the portion of the Memorandum and Order Referring Case (Doc. 6, pp. 4, 6) which dismisses **COUNT 1** against Defendant **WEXFORD HEALTH SOURCES, INC.** is **VACATED**.

**IT IS ORDERED** that Defendants' Motion to Strike Docs. 15 and 26 (Doc. 28) and Response in Opposition (Doc. 29) are **DENIED**.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **WEXFORD HEALTH SOURCES, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), the Order Referring Case (Doc. 6), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and

---

[2] If Plaintiff seeks more immediate relief, he should file a separate, standalone Motion for Temporary Restraining Order Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, along with an affidavit supporting his request for relief and stating the facts that support his request.

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

In addition, the Clerk of Court is **DIRECTED** to **ADD** a Motion for Preliminary Injunction as a docket entry in CM/ECF based on Plaintiff's request for this relief in Doc. 15 and 26. The Clerk is further **DIRECTED** to **FILE** Doc. 15, pp. 4-5 and Doc. 26, pp. 5-6 as the Motion for Preliminary Injunction. If Plaintiff wishes to pursue the Motion, he must file a "Brief in Support of the Motion for Preliminary Injunction" within thirty (30) days (on or before **May 13, 2019**). Failure to do so by this deadline will result in dismissal of the motion without prejudice.

This motion is **REFERRED** to United States Magistrate Judge Reona Daly for handling as soon as practicable, by ordering a response and/or holding a hearing, as necessary, to determine Plaintiff's current need for cancer screening and a referral to a specialist for further diagnosis and treatment or rectal pain and hemorrhoids.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  4/12/2019**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**