IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN R. PITTS, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 18-cv-1781-SMY-RJD |
| JACQUELINE LASHBROOK, et al., | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Notice of Intent) (Doc. 38). Defendants Caldwell and Siddiqui timely filed a Response (Doc. 39). For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Plaintiff alleges Defendants have refused to provide proper medical treatment for his serious medical condition. Following screening, Plaintiff is proceeding on one count:

> Count 1: Eighth Amendment deliberate indifference to medical needs claim against Defendants Lashbrook, Siddiqui, Caldwell, Reeva, and Wexford Health Sources, Inc. for denying Plaintiff adequate medical treatment for his rectal pain and hemorrhoids at Menard.

Plaintiff seeks leave to amend the complaint to add one Defendant, Dr. Ritz. Plaintiff alleges Ritz refused to approve appropriate tests and procedures for Plaintiff's rectal pain. Defendants Caldwell and Siddiqui filed an objection arguing Plaintiff's proposed claim against Ritz is insufficient to state a claim of deliberate indifference and is futile.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires."  The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities."  *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).  Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court.  *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995).  A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)).

Plaintiff has set forth allegations sufficient to state a claim of deliberate indifference.  The proposed amended complaint does not cause undue delay and Defendants will not be unfairly surprised or prejudiced.

Plaintiff's motion (Doc. 38) is **GRANTED**.  The Clerk of Court is **DIRECTED** to file the proposed amended complaint as submitted on April 22, 2019 as the First Amended Complaint.

The Clerk of Court shall prepare for Defendant Dr. Ritz:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Fourth Amended Complaint, and a copy of this Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED:**   May 14, 2019

*s/*  *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**