**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN R. PITTS, JR., | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 18-CV-01781-SMY |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| WEXFORD HEALTH SOURCES INC., | ) |
| MOHAMMED SIDDIQUI, | ) |
| REYNAL CALDWELL, | ) |
| REVA ENGELAGE, | ) |
| STEPHEN RITZ,[1] | ) |
| | ) |
|         **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court on the Amended Report and Recommendation of United States Magistrate Judge Reona J. Daly ("Amended Report") (Doc. 68), which recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Caldwell, Wexford, Ritz, and Siddiqui (Doc. 58) be granted in part and denied in part and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Lashbrook and Engelage (Doc. 61) be granted. Plaintiff John R. Pitts, Jr. ("Pitts") timely objected to the Report. (Doc. 69). For the following reasons, the Court **ADOPTS in part and REJECTS part** the Amended Report and Recommendation.

### Background

On October 2, 2018, Pitts, an inmate of the Illinois Department of Corrections housed at

---

[1] The Clerk of Court is **DIRECTED** to correct the docket sheet to reflect the complete and correct spellings of Defendants' names.

Menard Correctional Center ("Menard"), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Doc. 1). Specifically, Pitts alleges that Defendants repeatedly failed to provide adequate medical treatment to care for his rectal pain and hemorrhoids.

Defendants are physicians and administrators employed by IDOC and its medical services contractor, Wexford Health Sources, Inc. ("Wexford"). Dr. Reynal Caldwell, Dr. Mohammed Siddiqui, and Dr. Stephen Ritz are employees of Wexford. Dr. Caldwell is a traveling doctor who provided care at Menard at certain times. (Doc. 52, p. 2). Dr. Siddiqui is the Medical Director at Menard. (Doc. 51, p. 2). Dr. Ritz is Wexford's Corporate Utilization Management Medical Director who is involved in determining the appropriate course of treatment for certain patients during the Collegial Review process. (Doc. 53, p. 2). Jacqueline Lashbrook was the Warden of Menard during the relevant times in the Complaint. (Doc. 57, p. 2). Reva Engelage is an LPN employed at Menard. (*Id.*, p. 3).

After a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Pitts was allowed to proceed on an Eighth Amendment claim against Defendants Lashbrook, Dr. Siddiqui, Dr. Caldwell, and Engelage for denying Pitts adequate medical treatment at Menard for his rectal pain and hemorrhoids. (Doc. 6). Subsequently, he was allowed to proceed on a *Monell* claim against Defendant Wexford (Doc. 32) and to add a deliberate indifference claim against Defendant Ritz in an Amended Complaint filed on May 14, 2019. (Doc. 44).

All defendants have moved for summary judgment on the basis that Pitts did not properly exhaust his administrative remedies before he filed this lawsuit as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*. (Docs. 58 and 61). Pitts filed timely responses to Defendants' motions on August 28, 2019. (Docs. 64 and 66).

On September 30, 2019, Judge Daly issued the Amended Report currently before the Court. (Doc. 68). Based on the evidence in the record, with respect to the April 6, 2018 (#101-4-18) and May 22, 2018 grievances naming Dr. Caldwell and Dr. Siddiqui, Judge Daly found that Pitts never received a response from the counselor or the grievance officer and that the failure to respond to those grievances rendered the administrative remedy process unavailable. She therefore concluded that Pitts is deemed to have exhausted his administrative remedies with regards to Dr. Caldwell and Dr. Siddiqui and recommends that their motion for summary judgment be denied.

Judge Daly also found the April 6, 2018 grievance (the only grievance that mentioned Wexford) failed to give notice of any complaint regarding Wexford's policies or procedures. As such, she concluded that Pitts did not exhaust his administrative remedies as to Wexford and recommends that its motion for summary judgment be granted.

With respect to Defendants Ritz, Lashbrook and Engelage, Judge Daly found that Pitts failed to describe or grieve any conduct by these defendants occurring prior to the filing of this lawsuit and thus failed to exhaust his administrative remedies as to them. She recommends that Dr. Ritz, Lashbrook and Engelage's motions for summary judgment be granted.[2]

Pitts timely objected to the Amended Report (Doc. 69), and Defendants Wexford, Dr. Caldwell, Dr. Ritz, and Dr. Siddiqui responded to Pitts' objections. (Doc. 70). When timely objections are filed, the Court must undertake *de novo* review of the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F.Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the

---

[2] Judge Daly also notes that "the June 27, 2018 [(#345-6-18)] and July 18, 2018 [(#201-7-18)] grievances were not fully appealed and therefore do not serve to exhaust Plaintiff's administrative remedies" and that the July 3, 2018 (#26-7-18) grievance fails to name or identify any defendant in this case. (Doc. 68, p. 7).

3

record, give fresh consideration to those issues to which specific objections have made, and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Consistent with these standards, the undersigned has conducted a de novo of the Amended Report.

## Discussion

As an inmate in the IDOC, Pitts was required to comply with IDOC's Grievance Procedures for Offenders to properly exhaust his claims. 20 ILL. ADMIN. CODE § 504.800 *et seq*. Those procedures require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *Id.* § 504.810(a). The grievance form must contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. *Id.* § 504.810(c). This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. *Id.*

Grievances that are not resolved through routine channels are then sent to the Grievance Officer who is to review the grievance and provide a written response to the inmate. *Id.* §§ 504.820(a), 504.830(a). "The Grievance Officer shall consider the grievance and report his or her

findings and recommendations in writing to the Chief Administrative Officer within two months after receipt of the grievance, when reasonably feasible under the circumstances." *Id.* § 504.830(e). "The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing." *Id.*

If the inmate is not satisfied with the Chief Administrative Officer's response, he or she may file an appeal with the Director through the Administrative Review Board ("ARB"). "The [ARB] shall submit to the Director a written report of its findings and recommendations." *Id.* § 504.850(d). "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, when reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." *Id.* § 504.850(e).

Pitts argues that his April 6, 2018, May 22, 2018, and July 3, 2018 grievances properly exhausted his administrative remedies as to Defendants Engelage, Wexford, Dr. Ritz, and Lashbrook.[3] He first objects to Magistrate Judge Daly's finding that he failed to exhaust his administrative remedies with regards to Engelage. While Judge Daly found that Engelage was not mentioned in any grievance and that the July 3, 2018 grievance referenced a "Nurse Concorn" (Doc. 68, p. 4), Pitts suggests that she misread the reference to Nurse Concorn and that the grievance was actually filed in response to Engelage's refusal to allow Pitts to be treated for rectal pain. The Court agrees. This Court's review of the July 3, 2018 grievance reveals that Pitts was not complaining of a "Nurse Concorn," but instead, stated, "I was called to see the nurse *concern*

---

[3] Pitts agrees with Judge Daly's determination that the June 27, 2018 and July 18, 2018 grievances were not being fully appealed and therefore do not serve to exhaust his administrative remedies.

5

[sic] a medical request that I put in on July 1, 2018, about the chronic pain that I've been experiencing since January 28, 2018." (Doc. 66, p. 18) (emphasis added).

Pitts was not required to specifically name Engelage in his July 3, 2018 grievance. 20 ILL. ADMIN. CODE § 504.810(c).  His assertion that a nurse refused to address his issues without him paying the co-pay was sufficient to put the prison on notice that the nurse or nurses who treated or evaluated his hemorrhoids and rectal pain allegedly denied him medical treatment and left him to suffer in pain. Whether Engelage was actually the nurse who saw Pitts at that time is a matter for consideration of summary judgment on the merits of the case – not regarding whether Pitts exhausted his administrative remedies.  Accordingly, the Court finds that Pitts exhausted his administrative remedies as to his claim against Defendant Engelage, and his objection to that portion of the Amended Report is **SUSTAINED**.[4]

Pitts next objects to the finding that that his grievances were insufficient to exhaust his administrative remedies as to Defendant Lashbrook.  The Court notes that Pitts neither mentioned Lashbrook by name in the grievances, nor suggested that he was taking issue with the warden's failure to address his medical issues.  Therefore, as it relates to Lashbrook, Pitts' grievances do not meet the PLRA's requirements of alerting the prison to the nature of the wrong for which redress is sought.  Accordingly, the Court **ADOPTS** Judge Daly's findings, conclusions, and recommendation on this point.

Pitts also challenges Judge Daly's Amended Report with respect to Defendant Wexford. In the April 6, 2018 grievance, Pitts complained that the medical staff was not distributing the proper medication, referring him to a specialist to evaluate his hemorrhoids and rectal pain, and

---

[4] The July 3, 2018 grievance was fully exhausted as Pitts received no response to the July 3, 2018 grievance. Pitts, therefore, is deemed to have exhausted his administrative remedies with regard to the July 3, 2018 grievance against Defendant Engelage.

were neglecting his medical needs because "neither [Caldwell] [nor] [Siddiqui] are adequately able to deal with hemorrhoid issues." (Doc. 1-1, pp. 48-49). The May 22, 2018 and July 3, 2018 grievances concerned Pitts' hemorrhoids and rectal pain, but none of the grievances alerted the prison as to any complaint regarding Wexford's policies or procedures. In fact, in the April 6, 2018 grievance, the only grievance mentioning Wexford, Pitts states, the "medical staff fails to adhere to the policies and/or practices that have been laid out by their employer Wexford." (Doc. 1-1, p. 49). Therefore, Pitts' objection to Judge Daly's findings and conclusions with regards to the dismissal of Defendant Wexford is **OVERRULED**.

Finally, Pitts objects to Judge Daly's conclusion that his grievances were insufficient to exhaust his administrative remedies as to Dr. Ritz. But none of the grievances mention Dr. Ritz by name or by position. There is no information in the grievances providing an opportunity for any official to address Pitts's complaints against Dr. Ritz administratively and prior to Pitts filing suit. As such, Pitts did not fully exhaust his administrative remedies regarding his claims against Defendant Dr. Ritz and his objection to Judge Daly's findings and conclusions with respect to the dismissal of Dr. Ritz is **OVERRULED**.[5]

## Conclusion

For the foregoing reasons, the Court **ADOPTS** in part and **REJECTS** in part Magistrate Judge Daly's Amended Report and Recommendation (Doc. 68). The Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Dr. Caldwell, Wexford, Dr. Ritz, and Dr. Siddiqui (Doc. 58) is **GRANTED** as to Wexford and Dr. Ritz and **DENIED** as to Dr. Caldwell and Dr. Siddiqui. The Motion for Summary Judgment for Failure to

---

[5] The Court has reviewed the portions of Judge Daly's Amended Report and Recommendation not objected to for clear error and finds none.

Exhaust Administrative Remedies filed by Defendants Lashbrook and Engelage (Doc. 61) is **GRANTED** as to Lashbrook and **DENIED** as to Engelage.

Defendants Wexford, Ritz, and Lashbrook are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to correct the docket sheet to reflect the complete and correct spellings of Defendants' names in accordance with footnote 1 and the case caption. Additionally, the Clerk of Court is **DIRECTED** to **TERMINATE** Wexford, Ritz, and Lashbrook as parties and enter judgment accordingly at the close of the case. The following claim remains:

Count 1: Eighth Amendment deliberate indifference to medical needs claim against Defendants Siddiqui, Caldwell, and Engelage for denying Plaintiff adequate medical treatment for his rectal pain and hemorrhoids at Menard.

**IT IS SO ORDERED.**

**DATED: July 28, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**