**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHN R. PITTS, JR., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 18-cv-01781-SMY |
| | ) |
| JACQUELINE LASHBROOK, et al., | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is before the Court on Plaintiff's motion seeking reconsideration of the Court's July 29, 2020 Order adopting in part and rejecting in part Magistrate Judge Daly's Amended Report and Recommendation, granting the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as to Wexford and Dr. Ritz, and granting the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as to Lashbrook (Doc. 92).

### Background

John R. Pitts, Jr., an inmate of the Illinois Department of Corrections housed at Menard Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He claims Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to provide adequate medical treatment for his rectal pain and hemorrhoids. After a preliminary review of Plaintiff's Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915A, Pitts was allowed to proceed on an Eighth Amendment claim against Defendants Lashbrook, Dr. Siddiqui, Dr. Caldwell, Dr. Ritz, and Engelage and a *Monell* claim against Defendant Wexford.

All Defendants moved for summary judgment on the basis that Pitts did not properly exhaust his administrative remedies before he filed this lawsuit as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*. (Docs. 58 and 61). Pitts filed timely responses to Defendants' motions. Magistrate Judge Daly issued an Amended Report and Recommendation on Defendants' Motions for Summary Judgment on Exhaustion (Doc. 68). She concluded that Pitts exhausted his administrative remedies with respect to Defendant Drs. Caldwell and Siddiqui, but failed to exhaust as to Defendants Wexford, Dr. Ritz, Lashbrook and Engelage. She therefore recommended that Drs. Caldwell and Siddiqui's motion for summary judgment be denied and summary judgment be granted for the remaining defendants.

Following *de novo* review, the undersigned adopted in part and rejected in part Judge Daly's Amended Report and Recommendation – granting summary judgment as to Wexford, Dr. Ritz, and Lashbrook, and denying it with respect to Dr. Caldwell, Dr. Siddiqui, and Engelage (Doc. 89). Thereafter, Plaintiff filed the Motion for Reconsideration now before the Court.

**Discussion**

While the Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider, such motions are routinely filed and generally construed as motions to alter or amend an order or judgment under Rule 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Pitts argues the Court erred in finding his grievances did not exhaust his claims against

Lashbrook, Wexford, and Dr. Ritz.  He also argues that he was not required to file grievances against Lashbrook, Wexford, and Dr. Ritz.  Pitts conceded that the June 27, 2018 and July 18, 2018 grievances were not fully appealed and do not serve to exhaust his administrative remedies. (Doc. 69, p. 2).  As such, the grievances at issue are the April 6, 2018, May 22, 2018, and July 3, 2018 grievances. [1]

Pitts contends the Court erred in finding that that his grievances were insufficient to exhaust his administrative remedies as to Lashbrook.  He asserts that he wrote letters directly to Lashbrook informing her of his medical issues and seeking information about unanswered grievances, and argues this is sufficient to state a deliberate indifference claim against her. This merits-based argument is irrelevant to the issue of exhaustion of administrative remedies.

Pitts incorrectly argues the failure to name Wexford and Dr. Ritz in a grievance is a mere technical defect and had no effect on the exhaustion process. None of the grievances alerted the prison as to any complaint regarding Wexford's policies or procedures or any deficient medical care by Dr. Ritz. [2]  As such, the grievances afforded prison officials no opportunity to address Plaintiff's complaints regarding Wexford or Dr. Ritz administratively prior to the filing of this lawsuit, as required by the PLRA.

For the foregoing reasons, the Court finds no manifest errors of law or fact in its rulings. Plaintiff's Motion for Reconsideration (Doc. 92) is therefore **DENIED**.

---

[1] Pitts never received a response from the counselor or the grievance officer to these grievances and that failure to respond rendered the administrative remedy process unavailable.  For this reason, the Court deemed Plaintiff to have exhausted the administrative remedies available to him for those grievances.

[2] Plaintiff's claim in this case against Wexford and Dr. Ritz begins with the denial in June 2018 of a request for a colonoscopy.  The only grievance at issue after that date is the July 3, 2018 grievance. Indisputably, there is nothing in that grievance that raises any concern or complaint about Wexford or Dr. Ritz, either by name or by description.

**IT IS SO ORDERED.**

**DATED: August 24, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
