IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN R. PITTS, JR., #M13166**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. 18-CV-1781-SMY |
| **JACQUELINE LASHBROOK, et al,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Defendant Reva Engelage (Doc. 148); and Defendants Reynal Caldwell, M.D. and Mohammed Siddiqui, M.D. ("Wexford Defendants") (Doc. 149).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles

in mind, and for the reasons more fully explained on the record during the final pretrial conference on July 26, 2023, the Court rules as follows.

### Reva Engelage's Motions *in Limine* (Doc. 148)

1. Defendant Engelage moves to preclude Plaintiff and any non-expert witnesses from testifying at trial regarding the causation of any medical or mental health condition. The motion is **GRANTED** as Plaintiff has not disclosed any expert opinions or witnesses.

2. Defendant Engelage moves to preclude Plaintiff from offering inadmissible hearsay statements of any medical or mental health professionals. The motion is **GRANTED** without objection.

3. Defendant Engelage moves to preclude Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendant Engelage. The motion is **GRANTED** as that information is not relevant or admissible.

4. Defendant Engelage moves to preclude Plaintiff and any of his witnesses from testifying at trial regarding whether Defendant Engelage followed Illinois Department of Corrections policies and procedures. The motion is **GRANTED.**

5. Defendant Engelage moves to prohibit Plaintiff from offering evidence or testimony from other lawsuits involving Defendant Engelage. The motion is **GRANTED** without objection.

6. Defendant Engelage moves to preclude evidence or testimony of any misconduct, reprimand, or grievance issued against Defendant Engelage. The motion is **GRANTED** without objection.

7. Defendant Engelage moves to preclude any appeal to the "golden rule," or having the jury place itself in Plaintiff's position. The motion is **GRANTED** without objection.

8. Defendant Engelage moves to preclude evidence or testimony regarding subsequent remedial measures, including that the Illinois Department of Corrections no longer requires individuals in custody to pay a co-pay for medical treatment. The motion is **GRANTED.**

## Wexford Defendants' Motions *in Limine* (Doc. 149)

1. Wexford Defendants move to preclude all argument and evidence of Wexford Defendants' insurance or other insurance policies. The motion is **GRANTED** without objection.

2. Wexford Defendants move to preclude any and all arguments and evidence of medical treatment provided to other inmates. The motion is **GRANTED** without objection.

3. Wexford Defendants move to preclude testimony or evidence of unrelated "bad acts" of the Wexford Defendants, Menard Correctional Center, the Illinois Department of Corrections, or the general field of correctional healthcare. The motion is **GRANTED** as such information is irrelevant and immaterial.

4. Wexford Defendants move to preclude any and all argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts, including lay causation testimony. The motion is **GRANTED**.

5. Wexford Defendants move to preclude the introduction of medical or other technical literature as it constitutes hearsay. The motion is **GRANTED** without objection.

6. Wexford Defendants move to preclude testimony or evidence of Plaintiff's grievances, complaints, affidavits, letters, or other documents containing Plaintiff's intent to

commence this action or descriptions of medical care, including responses, replies, notes, or commentary on the same. The motion is **DENIED** as vague.

7. Wexford Defendants move to preclude any and all evidence of settlement demands, offers, and discussions. The motion is **GRANTED** without objection.

8. Wexford Defendants move to preclude testimony or evidence of directives, policies, protocols, guidelines of the Wexford Defendants and the Illinois Department of Corrections. The motion is **GRANTED.**

9. Wexford Defendants move to preclude any testimony or evidence imputing another individual's act to the Wexford Defendants. The motion is **DENIED** as vague.

10. Wexford Defendants move to preclude Nurse Locke and other undisclosed or improperly disclosed witnesses from testifying. The motion is **DENIED.**

11. Wexford Defendants move to preclude Plaintiff from referencing his familial history with cancer and his concern about developing colorectal cancer. The motion is **DENIED.**

12. Wexford Defendants move to preclude Plaintiff from offering evidence or documentation from any exhibits not disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). The motion is **GRANTED**.

13. Wexford Defendants move to preclude Plaintiff from any "golden rule" appeal. This motion is **GRANTED**.

14. Wexford Defendants move to preclude Plaintiff from introducing any out of court statements made by non-party treaters. The motion is **GRANTED**.

15. Wexford Defendants move to preclude Plaintiff from introducing statements of any party or witnesses identifying items that the Wexford Defendants sought to have excluded. The motion is **DENIED** as outside the scope of a proper *motion in limine*.

**IT IS SO ORDERED.**

**DATED:** July 26, 2023

**STACI M. YANDLE**
**United States District Judge**